UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| CHRISTOPHER DU PREE,<br><br>　　　　Plaintiff,<br><br>vs.<br><br>DEPARTMENT OF CORRECTIONS, et al.,<br><br>　　　　Defendants. | CASE NO. CV 04-03484 ABC (RZ)<br><br>MEMORANDUM AND ORDER RE SUPPLEMENTAL BRIEFING |

　　　　The Court has before it the Magistrate Judge's Third Report And Recommendation. It appears to the Court, in reviewing that Report and the entire file, that the record may lack sufficient evidence to support a finding in favor of Plaintiff, as follows:

　　1.　*Lack of individualized evidence of retaliation by guards other than Quintero.* The file appears to contain little or no admissible evidence that Transfer Defendants Nichols, Mira and Beltran took improper action to retaliate against Plaintiff for his exercise of First Amendment rights. (Plaintiff alleges certain "ultimate facts," such as that these guards all conspired with Defendant Quintero and other defendants, but he appears to present no admissible evidence *of* such a conspiracy or other, individualized bases for blaming those three guards for any retaliatory actions.) If Plaintiff is unable

to point to evidence in the record sufficient to support a finding that each of these three defendants improperly retaliated against him, then they may be dismissed from the action.

2. *Lack of evidence that guards actually caused Plaintiff's transfer.* The file appears to contain little evidence that any retaliatory actions by one or more guards caused Plaintiff's transfer to Corcoran. If Plaintiff is unable to point to evidence in the record sufficient to support a finding that one or more Transfer Defendants not only took retaliatory action against Plaintiff *but also* that those actions reasonably could be found to be the cause of his transfer, then the Court may dismiss the retaliatory transfer claim from the action.

3. *Evidence of retaliation other than by transfer.* Does the record support a finding that one or more Transfer Defendants are liable for retaliation that caused some harm to Plaintiff *other* than via his transfer?

Based on the foregoing concerns, the Court is considering, on its own motion, determining that partial summary judgment is appropriate on the issues noted above, pursuant to FED. R. CIV. P. 56(a), (c) and (d), in addition to those addressed in the Magistrate Judge's Third Report And Recommendation. To ensure that Plaintiff has an opportunity to respond fully,

IT IS ORDERED THAT Plaintiff shall file any declarations or other appropriate evidence, and a supplemental brief in response to the foregoing concerns, within 21 days of this Order. Defendants may file a reply containing similar documents within 21 days of receipt of Plaintiff's supplemental briefing.

///
///
///
///
///
///

Under separate cover, the Court is issuing a version of the Notice And Warning required in summary-judgment-motion practice when the non-moving party is *pro se* and incarcerated. *See Rand v. Rowland*, 154 F.3d 952, 960 (9th Cir. 1998) (*en banc*).

IT IS SO ORDERED.

DATED: May 12, 2008

_____
AUDREY B. COLLINS
UNITED STATES DISTRICT JUDGE