MICHAEL C. TU (State Bar No. 186793)
*mtu@orrick.com*
JASON L. KRAJCER (State Bar No. 234235)
*jkrajcer@orrick.com*
OREN A. LAZAR (State Bar No. 261532)
*olazar@orrick.com*
ORRICK, HERRINGTON & SUTCLIFFE LLP
777 South Figueroa Street, Suite 3200
Los Angeles, CA 90017
Telephone:   (213) 629-2020
Facsimile:    (213) 612-2499

Attorneys for Plaintiff Christopher Du Preé

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

# WESTERN DIVISION

| | |
|---|---|
| CHRISTOPHER DU PREÉ, | Case No. CV 04-3484 ABC (RZx) |
| Plaintiff, | **[PROPOSED] ORDER GOVERNING THE TREATMENT OF CONFIDENTIAL INFORMATION** |
| v. | |
| JEANNE WOODFORD, EDWARD ALAMEIDA, C.M. HARRISON, M. YARBOROUGH, R.M. JOHNSON, C.A. BONING, M. ATTAGALIA, A. TRINIDAD, R.S. SETHI, J. DE CASTRO, J.W. BRISNER, SR., J. FITTER, B. DELIBERTO, PAUL FORTALEZA, S. BRAGGA, M. MONTERO, R. BELTRAN, R. MIRA, E. TELL. L. QUINTERO, G. NICHOLLS, G. BROWN, C.L. WAFERED, as individuals, | Courtroom: 540 Judge: Hon. Ralph Zarefsky |
| Defendants. | |

**PROTECTIVE ORDER GOVERNING CONFIDENTIAL INFORMATION**

Based on the parties' Stipulation Governing the Treatment of Confidential Information dated November 18, 2009 (the "Stipulation"), the Court hereby ORDERS as follows:

1.  This Order Governing the Treatment of Confidential Information (the "Protective Order") shall govern the designation and handling of confidential documents, information and other discovery materials by any party or nonparty person or entity, regardless of whether such materials are produced in response to formal discovery procedures or informally by agreement of the parties, including any and all documents that have been produced in this litigation by any party or nonparty prior to this Protective Order.

2.  Nothing in this Protective Order shall apply to documents, information, material, or any portion thereof obtained by any Party on a non-confidential basis from an unrelated person or entity ("Independently Obtained Documents"), provided that if an Independently Obtained Document duplicates, in whole or in part, documents produced to the Party and designated as Confidential Discovery Material, and the Independently Obtained Document was obtained directly or indirectly by the unrelated person or entity as a result of discovery from any Party or affiliated entity in litigation involving any Party or affiliated entity, such Independently Obtained Document, or the duplicative portion thereof, shall be treated by the Party as Confidential Discovery Material.  Nothing in this paragraph shall be deemed to relieve any unrelated party or entity from complying with its obligations under any agreement or court order that is otherwise applicable to that person or entity.

3.  The word "document" as used herein shall be construed to mean any document, tangible thing or writing as defined by Federal Rule of Civil Procedure 34(a) and Federal Rule of Evidence 1001(1).

1        4.      As used in this Protective Order, "person" includes any individual, entity, natural person, or any business, legal or governmental entity or association. "Producing Person" refers to any person that produces Confidential Discovery Material.  "Receiving Person" refers to any person that receives Confidential Discovery Material subject to this Protective Order

         5.      This Protective Order designates as "Confidential Discovery Material" documents that may be produced during discovery that are designated as such by a Producing Person because they contain highly sensitive non-public information.

         6.      All documents designated as Confidential Discovery Material shall be so designated in a letter accompanying their production to a Party or by stamping the first page of the document "CONFIDENTIAL."  Documents may be designated as Confidential Discovery Material at any time, including that a Party may designate a document as CONFIDENTIAL after it was earlier produced without such a designation, and such production, in and of itself, shall not prejudice or otherwise constitute a waiver of, or estoppel as to, any claim of confidentiality to which the Producing Person would otherwise be entitled.

         7.      A designating party shall also have the right to redact non-relevant or privileged material.  The redacted materials shall either be marked "Redacted" or shall have the redacted portions stricken and identified as redacted in an accompanying letter.  Any such redaction may be challenged as set forth in this paragraph.  In the event that a receiving party objects to any redaction, that party shall so notify the designating party in writing.  Counsel shall then, within a reasonable time (not to exceed five days) after such notice is given, confer in person or by phone concerning the objection.  If the objection cannot be resolved between counsel for the parties, the receiving party may apply to the Court for an order challenging the redaction.  Neither party shall be obligated to challenge the propriety of any redaction, and failure to do so shall not constitute an admission

that any information, document or other material is in fact non-relevant or privileged, nor preclude a subsequent challenge to the propriety of such redaction.

8. It is the intent of the Parties and the Court that materials will not be designated as Confidential Discovery Material for tactical reasons in this case and that nothing be so designated with a good faith belief that there is good cause why it should not be part of the public record in this case.

9. Confidential Discovery Material shall be subject to the following restrictions:

(a) Confidential Discovery Material shall be used solely for the purpose of preparing for, and conducting, the prosecution or defense of this Action, including any appeals thereof, and shall not be used by the Parties or any other person for any other purpose.

(b) Confidential Discovery Material shall not be given, shown, made available or communicated in any way to anyone except those persons specified in subparagraph (c) below to whom it is necessary that such Confidential Discovery Material be given or shown for the purposes permitted under subparagraph (a) above.

(c) Confidential Discovery Material may be disclosed, for the purposes set forth in subparagraph (a) above, only to a "Qualified Person," as defined as follows:

(i) counsel or record for the Parties, and attorneys, paralegal, clerical and other staff employed by such counsel who are assisting in the conduct of the Action;

(ii) Parties to this Action;

(iii) witnesses at any deposition or hearing in the Action;

(iv) such consultants, experts, and investigators (including their professional staff) retained by the Parties, or their respective counsel, as they

in good faith deem necessary to provide assistance in connection with the conduct of the Action;

(v) the Court, court personnel, and jurors, potential jurors or alternate jurors;

(vi) court reporters and videographers used in connection with the conduct of this Action;

(vii) outside photocopying, graphic production services, litigation support services, and document hosting vendors retained by the Parties, or their respective counsel, as they in good faith deem necessary to provide assistance in connection with the conduct of the Action;

(viii) persons who are or were authors or recipients of the Confidential Discovery Material; and

(ix) any person carrying on an insurance business that may be liable to satisfy part or all of any judgment which may be entered in the Action or to indemnify or reimburse for payments made to satisfy a judgment.

10.  Each person described in subparagraph 8(c) to whom Confidential Discovery Material is disclosed shall first be advised that such Confidential Discovery Material is being disclosed pursuant and subject to the terms of this Protective Order and that Confidential Discovery Material may not be disclosed other than pursuant to the terms hereof.  Prior to disclosing Confidential Discovery Material to any person described in subparagraph 8(c)(iv) above, counsel shall cause each such person to execute a Certificate in the form annexed hereto as Exhibit A.  Counsel shall be responsible for retaining executed certificates.

11.  If any Receiving Person inadvertently discloses Confidential Discovery Material to persons who are not Qualified Persons, such disclosure shall be reported in writing to the Producing Person who produced such inadvertently disclosed Confidential Discovery Material.  In that event, counsel for the Receiving

Person shall make all reasonable efforts to retrieve the Confidential Discovery Material and obtain the agreement of persons to whom inadvertent disclosure was made to treat the Confidential Discovery Material in accordance with the terms of this Protective Order.

12.  Information or testimony disclosed at a deposition may be designated as Confidential Discovery Material by the person providing such testimony, by a Party, or by a Producing Person if such person either:

   (a)  identifies on the record at the deposition those portions of the testimony that are designated as Confidential Discovery Material; or

   (b)  provides written notification to all Parties within thirty (30) days of the court reporter's release of the transcript that are designated as Confidential Discovery Material.

Each page of a deposition transcript designated as Confidential shall be stamped, as set forth in paragraph 6 above, by the court reporter or by counsel.

13.  In the event that any person discloses Confidential Discovery Material in any pleading, court filing, attachment or exhibit thereto, or other papers filed with the Court pre-trial, the disclosing person shall conditionally file the confidential information under seal with the Clerk of this Court pursuant to Local Rule 79-5; provided, however, that the paper shall be furnished to the Court and the attorneys for the Parties and a duplicate copy with the confidential information deleted will be placed in the public record insofar as possible.  This Protective Order shall constitute prior approval by the Court of all such filings made under seal.  The Parties understand that designation of materials as Confidential Discovery Material does not automatically entitle the Parties to have such information kept under seal and that any submission of documents under seal should seek to file under seal only those portions of the documents that contain confidential information, and should be made to the judicial officer presiding over the proceedings in question.

1    14.   No Party concedes that any discovery material designated by any other
2    person as Confidential Discovery Material under any provision of this Protective
3    Order in fact contains confidential information, or has been properly designated as
4    Confidential Discovery Material, and the approval of this Protective Order shall not
5    prejudice the right of a Party to seek, at any time, a determination by the Court of
6    whether any particular document or information should be subject to the terms of
7    this Protective Order.

8    15.   A Receiving Person shall not be obliged to challenge the propriety of a
9    designation of documents or other material as Confidential Discovery Material at
10   the time made, and failure to do so shall not preclude a subsequent challenge
11   thereof.  If at any time a Receiving Person objects to a Confidential Discovery
12   Material designation under this Protective Order, the Objecting Party shall notify
13   the Producing Person in writing.  The Objecting Party shall identify the information
14   in question and shall specify in reasonable detail the reason or reasons for the
15   objection, and shall otherwise comply with Local Civil Rule 37-1.  Within ten (10)
16   calendar days of the receipt of such written notice, the Producing Person and
17   Objecting Party shall meet-and-confer in an effort to resolve their differences.  If
18   the disagreement cannot be resolved, the Producing Person may apply to the Court
19   for a protective order affirming the Producing Persons' Confidential Discovery
20   Material designation.  The application of the Producing Person shall comply with
21   Local Civil Rules 37-2 and 37-3, and the Producing Person shall have the burden of
22   demonstrating that the document or material designated as Confidential Discovery
23   Material is deserving of confidential treatment or other protection under the terms
24   of this Protective Order.  If the Producing Person does not make such an application
25   to the Court, the documents or material to which an objection was directed will not
26   longer be considered Confidential Discovery Material under this Protective Order.
27   While any such application is pending, the documents or material subject to that
28   application will remain Confidential until the Court rules.

1        16.    Should any non-party seek access to Confidential Discovery Material
2 by subpoena or demand, the Party or other recipient of the Confidential Discovery
3 Material from whom such access is sought, as applicable, shall promptly notify the
4 Producing Person who produced such Confidential Discovery Material of such
5 requested access.  If any Receiving Person (a) is subpoenaed in another action, or
6 (b) is served with a demand in another action to which he, she, or it is a party,
7 seeking Confidential Discovery Material under this Protective Order, the Receiving
8 Person shall give written notice, by hand or by e-mail, within five (5) business days
9 of receipt of such subpoena or demand, to those who produced or designated the
10 discovery material as Confidential.  The Receiving Person shall not produce any of
11 the Producing Person's Confidential Discovery Material, unless ordered by a court
12 to do so, until the later of (i) at least five (5) business days after providing the
13 required notice to Producing Person, or (ii) the date of production specified in, or
14 required by, the subpoena or demand.  The Producing Person shall be solely
15 responsible for asserting any objection to the requested production.

16        17.    Absent consent from a Producing Person, no Confidential Discovery
17 Material produced by such Producing Person may be used in connection with any
18 other litigation, matter, or proceeding except for *Du Pree v. Woodford, et. al.*, No.
19 CV-04-3484 ABC (RZx).

20        18.    Upon notification that a document or other discovery material has been
21 inadvertently produced and/or that a claim of attorney-client privilege, attorney
22 work product, or other applicable privilege or protection will be made with regard
23 to such document or other discovery material, the party receiving such notice shall
24 promptly return or, at the Producing Person's option, destroy any and all copies of
25 such document or other discovery material and shall refrain from utilizing said
26 document or discovery in any manner or form.  The inadvertent production of any
27 document or discovery that is subsequently retrieved or destroyed pursuant to this
28 paragraph shall not be deemed to be a waiver of the claim of privilege or protection

1  asserted.  Notwithstanding the foregoing, nothing in this paragraph shall prevent a
2  Receiving Person from Challenging the Producing Person's designation of the
3  document or discovery as subject to attorney-client privilege, attorney work
4  product, or other applicable privilege or protection or otherwise not subject to
5  production, provided that (a) such challenge complies with Local Rules 37-1
6  through 37-4, (b) any review by the Court of the materials in question is conducted
7  *in camera*, and (c) the challenge shall not assert as ground or basis that the
8  Producing Person waived any privilege or protection because of inadvertent
9  disclosure.

10       19.   This Protective Order shall be without prejudice to the rights of a
11  Producing Person to seek further limits on disclosure or protections for the
12  confidentiality of any discovery material (whether or not designated as
13  Confidential) in addition to the limits and protection provided herein, to contest
14  such application.

15       20.   <u>Other Parties and Third Parties</u>.  Other parties to this Action, including
16  any additional parties that join or are joined in this Action, may have access to
17  Confidential Discovery Material only by additional order of the Court or by the
18  party's executing and filing with the Court a stipulation agreeing to be fully bound
19  by this Protective Order.  Third parties providing discovery materials in response to
20  a subpoena may gain the benefits of this Protective Order with respect to any
21  documents or discovery materials they produce by executing a Certificate in the
22  form annexed hereto as Exhibit A; by so signing, those parties will also assume all
23  the duties and obligations required under this Protective Order.

24       21.   Within thirty (30) days after the final termination of this Action,
25  including any appeals, each counsel shall at the option of the disclosing party either
26  return all Confidential Discovery Material in his possession, custody or control, and
27  all copies, portions, summaries, or abstracts thereof to counsel for the disclosing
28  party or shall certify destruction thereof; provided, however, that counsel for a party

1  may retain a file copy of work product created in connection with this Action that
2  includes Confidential Discovery Material, but such work product shall continue to
3  be kept confidential pursuant to this Protective Order.
4       22.   The Parties may jointly seek to amend or modify this Protective Order
5  subject to Court approval.
6       23.   Notwithstanding any provision contained herein, nothing in this
7  Protective Order shall restrict in any way the right of a Party to make use of its own
8  discovery material in any way it deems fit.
9       24.   Nothing in this Protective Order shall be deemed a waiver or any of
10  the Parties' rights to oppose any discovery on any grounds or to object on any
11  ground to the admission in evidence at any motion hearing or the trial of this Action
12  of any matter discovered.

15       IT IS SO ORDERED.
16       This order shall not govern materials used in connection with dispositive
17  motions or at trial.  If protection is desired for materials used at those times, such
18  protection must be sought separately, from the judicial officer who will preside over
19  such proceedings.

Dated:  December 04, 2009                    _____
                                             HON. RALPH ZAREFSKY
                                             UNITED STATES MAGISTRATE JUDGE

# EXHIBIT "A"

## Receipt of "Confidential" Information - Acknowledgement Form

I hereby certify that I have received and carefully read the Stipulated Protective Order for the action *Du Pree v. Woodford, et. al.*, pending in the United State District Court for the Central District of California (the "Litigation"), and that I fully understand the terms of the Protective order. I recognize that I am bound by the terms of that Order, and I agree to comply with those terms. I agree to use "Confidential" material only in connection with the Litigation, and not for any other purpose, including without limitation, any business, competitive or governmental purpose or function. I hereby consent to be subject to the personal jurisdiction of the United States District Court for the Central District of California with respect to any proceedings related to contempt. To the extent that documents, materials or items designated as "Confidential" are disclosed to me, I will not disclose such information to anyone who is not entitled to such information.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed this _____ day of _____, 2009, at_____.

_____
Signature

_____   _____
Home Address                  Print Name

_____   _____
Business Address              Occupation, Position or Affiliation